**WEN ZHENG LIN, aka Wen Zhong Lin, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4285–ag.

United States Court of Appeals, Second Circuit.

May 8, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney; Neeli Ben–David, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

***SUMMARY ORDER***

Petitioner Wen Zheng Lin, a native and citizen of the People's Republic of China, seeks review of an August 18, 2006 order of the BIA affirming the February 9, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying his application for asy-

lum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wen Zheng Lin,* No. A79–683–182 (B.I.A. Aug. 18, 2006), *aff'g* No. A79–683–182 (Immig. Ct. N.Y. City Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As an initial matter, Lin did not argue that he was entitled to withholding of removal or CAT relief before the BIA. Similarly, in his brief to this Court, he only argues that he is eligible for asylum. Accordingly, we deem any challenge to the IJ's denial of withholding of removal or CAT relief abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Here, the IJ's adverse credibility finding is supported by substantial evidence. Lin claims that the IJ's conclusion that Lin had "simply failed to properly memorize a claim for something which never actually happened to him," is impermissibly speculative. However, in reviewing the IJ's findings we not only defer to the IJ's assessment of demeanor, but also to an IJ's speculations and inferences "[s]o long as there is a basis in the evidence for a challenged inference." *Siewe v. Gonzales,* 480 F.3d 160 (2d Cir.2007); *see Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). Moreover, "[w]here the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

The IJ reasonably based the adverse credibility determination on specific findings regarding Lin's inconsistent testimony with respect to important dates, namely when Lin's wife's IUD was removed, when family planning officials came to his house, and when he went into hiding. While we have held that minor date discrepancies cannot alone justify an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), inconsistencies that are central to an applicant's claim can justify an adverse credibility finding, *see Zhou Yun Zhang,* 386 F.3d at 74. Here, the IJ reasonably declined to believe Lin's excuse of nervousness for the inconsistencies because he did not otherwise justify or correct the inconsistencies and the incidents in question were central to Lin's claim. Since the IJ based the adverse credibility finding on specific inconsistencies and Lin's unresponsiveness, we defer to that finding. *See Secaida–Rosales,* 331 F.3d at 307. Accordingly, the agency's denial of asylum was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).